[No. 9896.  Department Two.  November 25, 1911.]

J. J. Frantz, *Respondent*, v. William Kingsley, *Appellant*.[1]

Appeal from a judgment of the superior court for King county, Albertson, J., entered April 5, 1911, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for money lent. Affirmed.

*John Arthur* and *Miller & Lysons*, for appellant.

*Fenley Bryan*, for respondent.

Morris, J.—Respondent brought this action to recover $2,000, claimed to have been loaned to appellant prior to April, 1909. The Nespelem Smelting & Power Company, of which Kingsley was president and manager, was also made a party defendant, under an allegation that Kingsley borrowed the money for the use and benefit of the company, and that, as evidence thereof, on April 2, 1909, the company, by Kingsley as its president, gave respondent a note for $2,000, payable within a year, with interest at six per cent. Kingsley answered, alleging that he and Frantz were jointly interested in the promotion of the Nespelem Smelting & Power Company, and that they entered into an agreement whereby Frantz was to pay Kingsley $2,000 in partial reimbursement of moneys advanced by Kingsley for the benefit of the company, and should further receive certain of the stock of the company; that upon this agreement, Frantz paid in $1,220, and no more; that the note was given prior to the advancement of the $2,000, but upon Frantz's agreement to pay the same as his share of the expenses already incurred in the promotion of the company, and was intended only as a receipt to Frantz for the money paid and to be paid by him under his agreement with Kingsley. The record here does not show any answer by the company. Upon these issues, the case went to trial, and resulted in the lower court sustaining the contention of re- spondent as against appellant.

The only question here involved is a simple one of fact:  Was the transaction a loan to Kingsley, or was it a payment of part of the promotion expenses of the company, by one of the promoters to another. The lower court finds it was a loan. There is ample evidence to sustain the finding. Under our oft-repeated rule, such a finding, so made, will not be disturbed. No further discussion of the matter is necessary.

Judgment affirmed.

Dunbar, C. J., Ellis, and Crow, JJ., concur.

[1]Reported in 118 Pac. 888.